**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | 2:04-cv-00728-BES-LRL |
| DAN O'DONNELL, et al., ) ) | Motion to Strike Answer (#90) |
| Defendants. ) ) | |

## REPORT & RECOMMENDATION

This case comes before the court on plaintiffs' Motion to Compel Appearance of Counsel for Sunbelt Construction & Development or, in the Alternative, Motion to Strike Answer (#90, filed September 14, 2006). No response having been filed by defendant Sunbelt Construction, a hearing was conducted on December 1, 2006. Michael A. Urban appeared telephonically for plaintiffs. Tom O'Donnell appeared personally and without counsel for Sun Belt Construction. Dan O'Donnell appeared personally and without counsel for the O'Donnell corporate defendants.

The parties are signatories to a collective bargaining agreement which required the defendants to maintain records of work performed and of fringe benefit contributions paid to the respective plaintiff trusts, and to allow the trusts to inspect and audit defendants' records to determine the extent to which defendants have paid fringe benefit contributions. The trusts allege that defendants have neither paid the required fringe benefit contributions nor opened their books. Hence this lawsuit.

Defendant were initially represented by the Littler Mendelson firm. Because defendants had not paid attorneys' fees since January, 2005, and had directed Littler Mendelson to cease its representation

of them, the undersigned issued an order on July 31, 2006 granting Littler Mendelson's Motion to Withdraw (#89).  Thereafter, defendant Dan O'Donnell sought and obtained Chapter 7 bankruptcy protection.  None of the corporate defendants have retained an attorney.  Because a corporation may appear in federal court only through licensed counsel, *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also Salman v. Newell*, 110 Nev. 1333 (1994), plaintiffs seek an order either compelling corporate defendant Sunbelt Construction to retain an attorney, or, if counsel is not retained, striking Sunbelt Construction's answer.

At the hearing on December 1, 2006, the undersigned canvassed Tom O'Donnell and Dan O'Donnell at length to ensure that they understood the ramifications of not retaining counsel for the corporate defendants.  It was clear that the O'Donnells understood that if counsel were not retained by the corporate defendants, judgment would ultimately be awarded to plaintiffs.  The court offered them an additional period of time within which to retain counsel if that were their wish.  It was abundantly clear that the O'Donnells were not interested in hiring an attorney or defending against this suit any further.  They advised the court that they themselves are not physically well, the defendant companies are defunct, and they have no money for lawyers.  In short, they didn't need or want more stress or aggravation from this lawsuit.  Accordingly, the undersigned advised the parties that the court had no choice but to recommend to the presiding District Judge that the motion to strike the answer be granted.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiffs' Motion to Strike Answer (#90) should be granted.

DATED this 4th day of December, 2006.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**